ALVIN I. PERRY *vs.* IDA M. COOSE and ROSS L. COOSE.

Waldo.    Opinion, October 21, 1942.

*Charles A. Perry,* for the plaintiff.

*H. C. Buzzell,* for defendants.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

THAXTER, J.    There is before us here an appeal from a decree sustaining a bill in equity.

The defendant, Ida M. Coose, was the daughter of the plaintiff and his wife, Nettie, who died before the filing of the bill in equity. The defendant, Ross L. Coose, is the husband of Ida. On December 16, 1936, the mother and father conveyed to their daughter and son-in-law a farm located in Searsmont

which had cost the parents $1200 when they had bought it in 1929. Accompanying the conveyance was the following agreement:

"Hope Maine December 15, 1936

To Mr. and Mrs. R. L. Coose
    Searsmont Maine
Dear Ida and Lin:

Knowing well the uncertainty of life, especially at our age, and wanting you to have the farm on which you now live, without possible litigation or bother we have decided to give you two, a joint deed to the place subject to the following provisions, which we may never use but which will be our legal right if we wish to do so. That the farm and home shall never be sold or mortgaged during our lifetime without our consent. We shall stay in our own home as long as possible but if one or both want to come to your home to be cared for it shall be our right and privilege to do so. Or if in our own home we need your care or assistance you shall give them as freely as possible. That you will help with any small jobs which are beyond our failing strength.

If you agree to carry out these things to our mutual satisfaction then the farm is yours with the lasting love of father and mother.

ALVIN I. PERRY
NETTIE M. PERRY

Witness CHAS. CUNNINGHAM

Signed ALVIN I. PERRY
NETTIE M. PERRY

Witness CHAS. CUNNINGHAM

We agree to the above:

IDA M. COOSE
ROSS L. COOSE"

After the conveyance, the buildings burned and the defendants collected $1300 in insurance.

The bill alleges that at the request of the plaintiff the defendants failed to pay to the plaintiff the $1200 which he had advanced, that the plaintiff had asked for help but that the defendants had refused to give him any and had failed to carry out their agreement. The bill prays that the defendants may be declared to be trustees of the money collected by them to the extent of $1200 and be ordered to pay the same to the plaintiff. The presiding justice found that there had been a breach of the agreement by the defendants, charged $700 of the money collected by the defendants for insurance with a trust, and ordered this paid to the plaintiff.

A careful reading of the record discloses no breach whatever of the agreement by the defendants. All that the plaintiff asked for was that the insurance money be paid to him, and the evidence is very clear that he made no demand that the agreement be performed according to its terms. The only evidence in the case bearing on the question of performance by the defendants indicates that they were ready and willing to carry out the agreement according to its terms and that the plaintiff did not desire to accept the assistance provided for in the agreement.

The defendants were under no obligation to pay over the money collected for insurance and, as there was clearly no breach of the agreement, we are at a loss to understand on what basis the bill can be sustained. Counsel for the plaintiff calls our attention to the well known rule that in equity the decision of a single justice on questions of fact will not be reversed unless it clearly appears that such decision is erroneous. In this case the ruling being unsupported by any evidence clearly is erroneous.

*Appeal sustained.*
*Case remanded for a decree that the*
*bill be dismissed.*